IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Brian Ganoe, Donald McKay, and<br>Mac McFarlin<br><br>Defendants. | Case No. 3:09-mj-0048CMK<br><br><br>ORDER DENYING REQUEST<br>FOR CLARIFICATION |

  Again dissatisfied with this court's rulings [Docs. 12 and 13] on their Application for Order Shortening Time [Doc. 5] and Motion for Reconsideration [Docs. 10 and 11], defendants have filed yet another pleading entitled Request for Clarification.[1]  Defendants apparently disagree with the court's ability to reconsider and deny their Motion for Reconsideration, instead believing that such matters should be heard by a district judge.

  This court's authority to preside over petty offenses is found in Local Rule 72-302(b)(3). See

---

[1] The defendants are urged to comply with the Local Rules and the Federal Rules of Criminal Procedure before filing motions in the future.  Because our courts do not recognize hybrid motions, i.e., Requests for Clarification, defendants' request will again be treated as a motion for reconsideration of this court's denial of their Application for Order Shortening Time to be heard by a district judge.

also, 28 U.S.C. 636(a)(3); Rule 58, Fed. Rules of Crim. Proc.; 18 U.S.C. 3401. This authority allows magistrate judges "to hear and dispose of all pretrial or post-trial matters arising in that action." Local Rule 58-421. Obviously, this would allow this court to hear and dispose of applications for orders shortening time, motions for reconsideration and requests for miscellaneous relief which would arguably encompass defendants' Requests for Clarification.

Defendants apparently rely on Local Rule 72-303(c) in support of their belief that any type of pretrial ruling in a petty offense matter is subject upon proper motion to reconsideration by a district judge. This Local Rule, although allowing reconsideration of rulings of a magistrate judge to a district judge, applies only to duties assigned to the magistrate judge under 28 U.S.C. § 636(b). See Local Rule 72-302(a).

Absent a similar Local Rule or reference for pretrial rulings made under 28 USC 636(a), the magistrate judge shall hear and rule on all pretrial motions which would necessarily include motions for reconsideration[2] and clarification. Local Rules 58-421(b) and 72-302(b)(3).

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' Request for Clarification is denied.

DATED: November 3, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." United States v. Hector, 368 F.Supp.2d 1060, 1063 (C.D.Cal.2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir.2007). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); United States v. Clark, 984 F.2d 31, 33-34 (2d Cir.1993) (noting that courts have treated motions for reconsideration in criminal cases as the equivalent of a Rule 59(e) or 60(b) motion; see also United States v. Martin, 226 F.3d 1042, 1047 n. 7 (9th Cir.2000) ("As the Second Circuit noted in United States v. Clark, post-judgment motions for reconsideration may be filed in criminal cases").