IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:09-mj-0048 CMK |
| Plaintiff, | ORDER |
| v. | |
| Brian Ganoe, Donald McKay, and Mac McFarlin, | |
| Defendants. | |
| _____ / | |

The Defendants' Motion for an Order that the Plaintiff and the United States Forest Service Preserve and Protect Exculpatory and Impeaching Evidence Pursuant to Rule 16 Fed. R. of Crim. Proc. [Motion] came on regularly for hearing on November 19, 2009, before the Honorable Craig M. Kellison, United States Magistrate Judge, at the United States District Court, 2986 Bechelli Lane, Redding, California.   Defendants appeared by counsel David Young and Matthew Stegman, Assistant United States Attorney, appeared telephonically on behalf of the United States of America.

This action stems from the alleged activities by defendants on the Klamath National Forest during the years 2007 and 2008.  The government claims that the defendants acts include causing damage to a Forest Service Road and conducting various mining activities without a Plan of Operations.  These claims are summarized in the Information [Doc. 1].

The first hurdle before the court is attempting to understand the nature and extent of the relief requested by the defendants.  Although oblique at best, defendants apparently request that this court

1

1  order the Forest Service to allow the defendants, or their agents, to enter National Forest System

2  lands to repair a road that the government claims was damaged by the acts of the defendants.   In

3  reviewing the Information and the moving and opposing points and authorities along with various

4  affidavits and reports attached, it appears that the government contends that the activities of the

5  defendants caused a Forest Service road to subside or slump causing damage.  Both parties dispute

6  the nature and extent of damage, and further dispute what remedial efforts, if any, are appropriate.

7         During oral argument defendants' counsel conceded that the motion was partially motivated

8  to mitigate damages because the government has threatened to pursue restitution.  The court further

9  gleans that defendants maintain that the road can be repaired at minimal expense, and the

10  government claims otherwise.  It would also appear that the government may choose to forgo

11  repairing the road permanently and to leave the damaged area it in its present condition.

12         The defendants have not been denied the opportunity to examine the road or the area

13  surrounding their alleged mining claim during the course of this action.   The court cannot find that

14  the government has destroyed (or threatens to destroy) any exculpatory evidence.   The defendants

15  provide the court with *no* authority to support their request that they be allowed to enter and repair

16  public property over the objection of the government.   Granting defendants' request would be

17  tantamount to granting them "special use authorization" or a hybrid approved " Plan of Operations"

18  [POO] without any Forest Service oversight.   See, 36 C.F.R. 228.12; 36 C.F.R. 251.53(6)5.

19  Similarly, allowing the defendants to repair the road without permission or oversight by the Forest

20  Service could result in the further destruction, material change or alteration of Forest Service land

21  from its present condition.  Neither the defendants, nor their agents  have been denied access to the

22  damaged road.  It would further appear that defendants' experts have already inspected the damaged

23  area and prepared a report documenting their assessment of damage.  Understanding that the road

24  may be impassible to vehicular traffic, defendants have not claimed that they will be denied access

25  in the future for further investigation, or that the government has threatened to deny them future

26  access.

27         Defendants offer *no* authority to support their contention that the government or court should

28  permit them to repair the road, or alternatively that the government is obligated to conduct said

repairs at its own expense prior to trial. In denying the defendants' ex parte application to have this motion heard on an earlier date [Doc. 8], the court expressed considerable scepticism of defendants' novel request and invited further authority. The defendants have provided none to date.

While the Fifth Amendment to the United States Constitution requires the government to disclose certain specific types of evidence to defendants, Brady v. Maryland, 373 U.S. 83 (1963), the government has only a limited duty to preserve evidence. California v. Trombetta, 467 U.S. 479 (1984); Arizona v. Youngblood, 488 U.S. 51 (1988). The Government must preserve evidence "that might be expected to play a significant role in the suspect's defense." Trombetta, 467 U.S. at 488. Such evidence must both "possess an exculpatory value that was apparent before the evidence was destroyed" and "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 488-489; United States v. Rivera-Relle, 333 F.3d 914 (9th Cir. 2003).

Defendants' motion is nothing more than a request to mitigate damages in the guise of a Rule 16 Fed. R. Crim. P. Motion.

For these reasons said Motion should be denied..

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion for an Order that the Plaintiff and the United States Forest Service Preserve and Protect Exculpatory and Impeaching Evidence Pursuant to Rule 16 Fed. R. of Crim. Proc. is denied.


 DATED:  December 4, 2009


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE