IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:09-mj-0048 CMK |
| Plaintiff, | ORDER |
| v. | |
| Brian Ganoe, Donald McKay, and Mac McFarlin, | |
| Defendants. | |
| _____ / | |

      The Defendants have filed a Request for a July Trial [Doc. 21]. This request follows the same request made by Defendants' counsel at the time of Defendants' Initial Appearance on August 4, 2009. For the same reason that the request was denied at the Initial Appearance, the court again denies at this time Defendants' request for a jury trial.

      This action stems from the alleged activities by defendants on the Klamath National Forest during the years 2007 and 2008. The government claims that the defendants' acts include causing damage to a Forest Service Road and conducting various mining activities without a Plan of Operations. These claims are summarized in the Information [Doc. 1].

      In the present case, each of the defendants is charged with eight Class B misdemeanors. 18 U.S.C. § 3559(a)(7). A "petty offense" is defined in 18 U.S.C. § 19 as "a Class B misdemeanor, a Class C misdemeanor, or an infraction" for which the maximum fine is no greater than $5,000 in the case of an individual, and no greater than $10,000 in the case of an organization. See, 18 U.S.C. §

3571(b)(6). 18 U.S.C. § 3401(b)[1] provides that when the offense charged is a petty offense, as in the case of a Class B misdemeanor, no consent is required for the matter to be tried by a magistrate judge. § 3401(b) and Rule 58(b)(2)(F).

The defendants argue that they have a right to trial by jury.  Rule 58(b)(2)(F)2[2] does not

---

[1] As used herein, all references to § 3401 refer to 18 U.S.C § 3401 which provides in pertinent part:

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.
*(b) Any person charged with a misdemeanor, other than a petty offense* may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record. [emphasis added].
 . . . .

[2] As used herein, all reference to Rule or Rules refers to the Federal Rules of Criminal Procedure.
Federal Rules of Criminal Procedure, Rule 58.  Petty Offenses and Other Misdemeanors
(a) Scope.
(1) In General. These rules apply in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise.
(2) Petty Offense Case Without Imprisonment. In a case involving a petty offense for which no sentence of imprisonment will be imposed, the court may follow any provision of these rules that is not inconsistent with this rule and that the court considers appropriate.
(3) Definition. As used in this rule, the term "petty offense for which no sentence of imprisonment will be imposed" means a petty offense for which the court determines that, in the event of conviction, no sentence of imprisonment will be imposed.
(b) Pretrial Procedure.
(1) Charging Document. The trial of a misdemeanor may proceed on an indictment, information, or complaint. The trial of a petty offense may also proceed on a citation or violation notice.
(2) Initial Appearance.  At the defendant's initial appearance on a petty offense or other misdemeanor charge, the  magistrate judge must inform the defendant of the following:
(A) the charge, and the minimum and maximum penalties, including imprisonment, fines, any special assessment under 18 U.S.C. § 3013, and restitution under 18 U.S.C. § 3556;
(B) the right to retain counsel;
(C) the right to request the appointment of counsel if the defendant is unable to retain counsel--unless the charge is a petty offense for which the appointment of counsel is not required;
(D) the defendant's right not to make a statement, and that any statement made may be used against the defendant;
(E) the right to trial, judgment, and sentencing before a district judge--unless:
(i) the charge is a petty offense; or
(ii) the defendant consents to trial, judgment, and sentencing before a magistrate judge;
(F) the right to a jury trial before either a magistrate judge or a district judge--unless the charge is a petty offense; and
(G) any right to a preliminary hearing under Rule 5.1, and the general circumstances, if any, under which the defendant may secure pretrial release.
(3) Arraignment.
(A) Plea Before a Magistrate Judge. A magistrate judge may take the defendant's plea in a petty offense case. In every other misdemeanor case, a magistrate judge may take the plea only if the defendant consents either in writing or on the record to be tried before a magistrate judge and specifically waives trial before a district judge. The defendant may plead not guilty, guilty, or (with the consent of the magistrate judge) nolo contendere.
(B) Failure to Consent. Except in a petty offense case, the magistrate judge must order a defendant who does not consent to trial before a magistrate judge to appear before a district judge for further proceedings. [emphasis added].
 . . . .

extend the right to a jury trial to "petty offenses." In determining whether an offense is petty, the court primarily considers the maximum prison term attached to the offense as opposed to other penalties such as probation or fines, because the prison term is the best indicator of the seriousness of the crime in the legislature's estimation. See Blanton v. N. Las Vegas, 489 U.S. 538, 542, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). An offense carrying a maximum prison term of six months or less is presumed to be a petty offense. See Lewis v. United States, 518 U.S. 322, 327, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) (citing *Blanton*, 489 U.S. at 542). This presumption does not fall away, however, simply because multiple penalties are aggregated; if a defendant is charged with multiple petty offenses, and as a result the maximum prison term exceeds six months, the right to trial by jury still will not attach. See id. at 330. A defendant charged with petty offenses may only be entitled to a jury trial if he or she can demonstrate that additional statutory penalties, viewed in conjunction with the maximum prison term, are so severe that they clearly reflect the legislature's determination that the offense in question is serious. *Blanton*, 489 U.S. at 543.

In the present case, the penalties in aggregate (four years imprisonment and $40,000 in fines), and the possibility that the government may pursue restitution or commence civil action in the future are not sufficient factors to demonstrate that the offenses are "serious", which would entitle defendants to a trial by jury. See *Lewis*, 518 U.S. at 330; Frank v. United States, 395 U.S. 147, 151-52, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) ("Congress has not viewed the possibility of five years' probation as onerous enough to make an otherwise petty offense 'serious' "); United States v. Hernandez, 276 F. App'x 291, 295 (4th Cir.2008) (citing United States v. Nachtigal, 507 U.S. 1, 4, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993)) ("regulatory revocation of the defendant's license was not 'constitutionally significant' in regard to the right to a trial by jury"). United States v. Clavette, 135 F.3d 1308, 1309-10 (9th Cir.1998) (potential $25,000.00 fine does not alter "petty" classification of violation of Endangered Species Act); United States v. Unterburger, 97 F.3d 1413, 1415-16 (11th Cir.1996) (noting that first violation of Access Act, 18 U.S.C. § 248(b), triggers exposure to six-month prison term or five years of probation, and fine of $10,000.00, court deems these penalties insufficient to trigger jury-trial right) aggregate prison term exceeding six months, does not trigger a right to a jury trial. Id. at 330.

Other than the Defendants' personal assessment that their case is "serious", the Defendants provide no authority to the court that would entitle them to a jury trial.

Accordingly, IT IS HEREBY ORDERED that Defendants' renewed request for a jury trial is denied.

DATED: December 4, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE